UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN S.,<br><br>                 Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                 Defendant. | Case No.:  24-cv-1911-JO-DEB<br><br>**REPORT AND RECOMMENDATION TO REVERSE THE DENIAL OF DISABILITY BENEFITS AND REMAND FOR FURTHER ADMINISTRATIVE PROCEEDINGS**<br><br>**[DKT. NO. 14]** |

This Report and Recommendation is submitted to United States District Judge Jinsook Ohta pursuant to 28 U.S.C. § 636(b)(1) and Civil Local Rule 72.1.c.

## I.    INTRODUCTION

Plaintiff Sean S. seeks judicial review of Defendant Commissioner of Social Security's denial of his application for disability benefits.[1] Dkt. No. 14. The Commissioner opposed, and Plaintiff replied. Dkt. Nos. 18, 21.

---

[1] In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party in this case. CivLR 7.1(e)(6)(b).

1

For the reasons discussed below, the Court recommends **REVERSING** and **REMANDING** for further proceedings consistent with this Report and Recommendation.

## II.   PROCEDURAL BACKGROUND

Plaintiff applied for Title II disability insurance benefits alleging disability beginning January 3, 2019. AR 24; Dkt. No. 14 at 4.[2] The Social Security Administration denied Plaintiff's application initially and on reconsideration. AR 123, 141. Plaintiff requested and received an Administrative Law Judge ("ALJ") hearing, after which the ALJ issued a written decision finding Plaintiff not disabled. AR 21–33. The Appeals Council denied Plaintiff's request for review (AR 7–13), and this case followed.

## III.   SUMMARY OF THE ALJ'S DECISION

The ALJ's decision followed the five-step sequential evaluation process. 20 C.F.R. § 416.920(a).

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since January 3, 2019, the alleged onset date. AR 27.

At step two, the ALJ determined that Plaintiff suffers from the following medically determinable impairments ("MDIs"): (1) active alcohol abuse disorder; (2) depressive disorder NOS versus adjustment disorder with anxiety versus major depressive disorder; (3) anxiety disorder NOS; (4) recurrent basal cell carcinoma; and (5) benign hypertension. AR 27. The ALJ then examined the record (including Plaintiff's medical records, medical opinions, subjective symptom testimony, and activities of daily living) and found none of these MDI's "significantly limited (or is expected to limit) [Plaintiff's] ability to perform basic work-related activities for 12 consecutive months; therefore, [Plaintiff] does not have

---

[2] "AR" refers to the Administrative Record lodged on December 16, 2024. Dkt. No. 8. The Court's citations to the AR use the page references on the original document rather than the page numbers designated by the Court's case management/electronic case filing system ("CM/ECF"). For all other documents, the Court's citations are to the page numbers affixed by CM/ECF.

a severe impairment or combination of impairments[.]" *Id*; *see also* AR 29 (the "weight of the objective evidence did not support the claims of [Plaintiff's] disabling limitations to the degree alleged."). The ALJ, therefore, found Plaintiff not disabled and denied benefits. AR 33.

## IV. STANDARD OF REVIEW

The Court reviews the ALJ's decision to determine whether the ALJ applied the proper legal standards and whether the decision is supported by substantial evidence. 42 U.S.C. § 405(g); *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is "more than a mere scintilla but less than a preponderance." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

The Court "must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014) (internal quotation omitted). "[I]f evidence exists to support more than one rational interpretation, [the Court] must defer to the Commissioner's decision." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

## V. DISCUSSION

Plaintiff alleges that the ALJ erred by finding his mental impairments non-severe and ending the sequential evaluation at step two. Dkt. No. 14 at 15. The Court agrees.

### A. Applicable Law

"Step two inquires whether the claimant had severe impairments during the period for which he seeks disability benefits." *Glanden v. Kijakazi*, 86 F.4th 838, 843 (9th Cir. 2023). The purpose of step two's "threshold showing" requirement is "to 'identify [ ] at an early stage those claimants whose medical impairments are so slight that it is unlikely they would be found to be disabled even if their age, education, and experience were taken into

account.'" *Id.* (quoting *Bowen v. Yuckert*, 482 U.S. 137, 147, 153 (1987)). "[C]laimants need only make a de minimis showing for the analysis to proceed past [step two] and . . . properly denying a claim at step two requires an unambiguous record showing only minimal limitations. . . . [I]t is relatively rare for an ALJ to deny a claim at step two. . . ." *Id.* at 844; *see also Ortiz v. Comm'r of Soc. Sec.*, 425 F. App'x 653, 655 (9th Cir. 2011) ("Ample authority cautions against a determination of nondisability at step two."); *Glanden*, 86 F.4th at 844 ("An inconclusive medical record precludes denial at [step two].").

### B.  Analysis

This is not one of the "relatively rare" disability claims amenable to screening at step two. *Id.* The record here (as summarized in the ALJ's decision) contains divergent medical opinions, some supporting a finding of severe mental impairments, and some not. AR 28-32.

The ALJ's decision noted that Dr. Ben Kessler, PsyD, found no medically determinable mental impairment. AR 31. The decision also noted that Dr. Gregory Nicholson diagnosed Plaintiff with anxiety (in remission) and psychotic (in remission), and depressive disorders, which Dr. Nicholson opined resulted in only mild functioning limitations. AR 32. The ALJ's decision also summarized the findings of Dr. Goosby, who diagnosed Plaintiff with a "severe anxiety disorder," which she opined did not affect Plaintiff's ability to sustain concentration, persistence, and pace. AR 31.[3]

The ALJ's decision also recognized that Dr. Singer found Plaintiff suffered from an adjustment disorder with anxiety, a major depressive disorder (recurrent), and alcohol abuse disorder (uncomplicated) and opined Plaintiff is "moderately" or "markedly"

---

[3] Dr. Goosby opined Plaintiff displayed severe "Anxiety and Obsessive-Compulsive Disorders." AR 133.

impaired in all domains except understanding and carrying out short, simple instructions. AR 32.[4]

The ALJ accepted Dr. Nicholson's opinion and rejected (in whole or in part) the other medical sources. AR 31–32. That is the ALJ's prerogative. *See, e.g., McClain v. Halter*, 10 F. App'x 433, 436 (9th Cir. 2001) (a court may not "substitute its judgment for that of the Commissioner.").

But the question at step two is whether there is an "unambiguous record showing only minimal limitations." *Glanden*, 86 F.4th at 844. As summarized above, the record here does not unambiguously show Plaintiff has only minimal limitations. The ALJ's decision, therefore, erred by rejecting Plaintiff's disability claim at step two. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005) (reversing a step-two determination "because there was not substantial evidence to show [claimant's] claim was groundless"); *Ortiz*, 425 F. App'x at 655 (reversing a step-two determination because there "is not the 'total absence of objective evidence of severe medical impairment' that would permit us to affirm 'a finding of no disability at step two.'" (quoting *Webb*)).

### C.     Harmless Error

Having found error, the Court next considers whether it is harmless. "[The Court] may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). An error is harmless if it is "inconsequential to the ultimate nondisability determination" and if the Court "can confidently conclude that no reasonable ALJ, when [not making the same error], could have reached a different

---

[4] Dr. Singer's diagnosis and opinion finds support in Plaintiff's subjective symptom testimony, where Plaintiff complained of "anxiety and depression that affected his sleep" and "drinking alcohol daily." AR 28. Dr. Singer also noted Plaintiff's highest Global Assessment of Functioning ("GAF") exam score, which displayed "severe symptoms, major impairment in functioning, and possible need for intensive support and supervision." AR 757; *see also* Dkt. No. 14 at 11, n.2. The ALJ, however, found Plaintiff's "statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent. . . ." *Id.*

disability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006).

Here, the Commissioner does not argue that any error is harmless. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("on appeal, arguments not raised by a party in its opening brief are deemed waived."). Regardless, an error is not harmless if "it affect[s] the ALJ's determinations in subsequent steps of the sequential analysis and may have influenced the ultimate determination of [the claimant's] nondisability status." *Buell v. Berryhill*, 716 F. App'x 600, 602 (9th Cir. 2017). Here, the ALJ prematurely ended the analysis at step two without any consideration of the impairments at step four or five; accordingly, the error is not harmless. *Cf. Tadesse v. Kijakazi*, No. 20-16064, 2021 WL 5600149, at *1 (9th Cir. Nov. 30, 2021) (an error at step two is not harmless unless the ALJ's "decision . . . reflect[s] that the ALJ considered any limitations imposed by the impairment at either step four or step five.").

### D.  Remanding for Further Proceedings

Plaintiff moves to remand for further proceedings. Dkt. No. 14 at 19. "The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court." *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (alteration in original)). Because further proceedings may support a conclusion that Plaintiff is not disabled, a remand for further proceedings is appropriate here.

### VI.  CONCLUSION

For the forgoing reasons, the Court **RECOMMENDS** entering an Order: (1) approving and adopting this Report and Recommendation; (2) **GRANTING** Plaintiff's Motion and **REVERSING** the Commissioner's decision; and (3) **REMANDING** this case for further proceedings consistent with the findings presented herein.

1  **IT IS HEREBY ORDERED** that any written objection to this report must be filed with the court and served on all parties no later than **July 16, 2025**. The document should be captioned "Objections to Report and Recommendation."

4  **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties within seven (7) days of the filing of the objections. The Parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated: July 2, 2025

Honorable Daniel E. Butcher
United States Magistrate Judge